**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Bankruptcy No. 01-1139-JKF |
| | Chapter 11 |
| W.R. Grace & Co., et al. | Jointly Administered |
|     Debtor(s) | |
| | |
| W.R. Grace & Co., *et al.* | |
|     Plaintiff(s) | |
| v. | Adversary No. 05-52724 |
| Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection, in his official capacity; Peter C. Harvey, Attorney General of New Jersey, in his official capacity | |
|     Defendants | |

**NOTICE OF APPEAL**

The Commissioner of the New Jersey Department of Environmental Protection, in her official capacity and the Attorney General of New Jersey in her official capacity hereby appeal under 28 U.S.C. §158(a) from the Order (Doc. No. 30) of the Bankruptcy Court (Honorable Judith K. Fitzgerald, U.S.B.J.) entered on April 1, 2008, granting debtors declaratory relief finding that the exemption from the automatic stay, 11 U.S.C. 362 (b)(4), for actions under the State's police power does not apply to the State's action against the debtors.

The names of all parties to the Order appealed from and the names and addresses, and telephone numbers of their respective attorneys are as follows:

**Counsel for Appellant**
**Rachel Jeanne Lehr, Esquire**
**Deputy Attorney General**
Richard J. Hughes Justice Complex
25 Market Street
Post Office Box 093
Trenton, New Jersey 08625-0093
Tel:(609)984-6640
Fax (609)984-9315

**John F. Dickinson, Jr., Esquire**
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street
Post Office Box 093
Trenton, New Jersey 08625-0093
Tel:(609)984-4654
Fax (609)984-9315

/S/ Stuart B. Drowos
Stuart B. Drowos (Bar 427)
Deputy Attorney General
Division of Revenue
Department of Finance
Carvel State Building
820 North French Street, 8th Floor
Wilmington, Delaware 19801

Local Counsel for Commissioner and
Attorney General of New Jersey

**Debtors/Appellees**

**David M. Bernick, P.C.**
**Janet S. Baer, Esquire**
KIRKLAND & ELLIS, LLP
200 East Randolph Drive
Chicago Illinois 60601
Tel: (302)861-2000

**Lori Sinanyan, Esquire**
KIRKLAND & ELLIS, LLP

777 S. Figueroa Street, Suite 3700
Los Angeles, California 90017
Tel:(213) 680-8209
Fax: (213)808-8004

**Laura Davis Jones, Esquire**
**James E. O'Neill, Esquire**
**Timothy P. Cairns, Esquire**
PACHULSKI STANG ZIEHL YOUNG JONES
& WEINTRAUB LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-4100


                              ANNE MILGRAM
                              ATTORNEY GENERAL OF NEW JERSEY


                         By: /S/ **Rachel Jeanne Lehr**
                              Rachel Jeanne Lehr
                              Deputy Attorney General


Dated: April 8, 2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DELAWARE

IN RE:

| | |
|---|---|
| W.R. Grace & Co. , *et al.*<br>    Debtor(s) | Bankruptcy No.  01-1139-JKF<br>Chapter 11<br>Jointly Administered |
| W. R. Grace & Co., *et al.*<br>    Plaintiff(s) | |
| v. | Adversary No. 05-52724 |
| Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection, in his official capacity; Peter C. Harvey, Attorney General of New Jersey, in his official capacity<br>    Defendant(s) | **Related to Doc. No. 1, Complaint filed by Debtors for Declaratory and Injunctive Relief; Doc. No. 3, Debtors' Motion for Preliminary Injunction; Doc. No. 6 Motion to Dismiss Adversary Proceeding filed on behalf of New Jersey DEP, Commissioner of New Jersey DEP, and New Jersey Attorney General** |

**MEMORANDUM OPINION**[1]

Debtors filed a complaint for declaratory and injunctive relief and a motion for preliminary injunction on September 19, 2005, against the Commissioner of the New Jersey Department of Environmental Protection ("NJDEP") and the Attorney General of the State of New Jersey in their official capacities.  The New Jersey defendants (collectively herein "NJDEP")  moved to dismiss the complaint.  Debtors filed an objection to the motion to dismiss. NJDEP has not filed a response to the motion for preliminary injunction but we take its motion to dismiss as a response and, because the NJDEP has not stated a basis under Rule 12(b)(6) for

---

[1]This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.

1

its motion to dismiss but asserts that the automatic stay does not apply to the NJDEP action, we understand the motion to dismiss as asserting that Debtors have failed to state a cause of action. When ruling on a Rule 12(b)(6) motion the court must accept as true all factual allegations in the complaint. *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). The facts essential to resolution of this matter are not disputed and the issue for the court is a question of law; i.e., whether NJDEP's action falls under the police/regulatory exception to the automatic stay. 11 U.S.C. §362(b)(4).

Facts

On or about June 1, 2005, over four years after Debtors filed a chapter 11 petition, the NJDEP brought a civil action in New Jersey state court[2] against Debtors and Robert J. Bettacchi, Debtors' vice president, and Debtors' former employee Jay H. Burrill, both of whom Debtors are obligated to defend and indemnify under Debtors' bylaws. *See* Debtors' Motion for an Injunction, Adv. Doc. No. 3, at Exhibit 2. The New Jersey action seeks to recover over $800 million[3] with respect to an allegedly false report Debtors filed with the State, and Mr. Bettacchi

---

[2] New York Department of Environmental Protection v. W.R. Grace & Co., Inc., W.R. Grace & Co.-Conn., Grace-Conn Successor, Jay H. Burrill, Robert J. Bettacchi (Civ. No. L-001473-05)(Super. Ct., Mercer County, N.J.). The state case was dismissed without prejudice on September 19, 2005, the date Debtors removed the action to the District Court for the District of New Jersey at Civ. Action No. 05-4581 (MLC), and the date this adversary was filed. The District Court stayed the action before it pending the parties' settlement discussions. The settlement discussions continued during the pendency of the adversary proceeding. *See* note 5 and accompanying text, *infra*. The District Court entered an order directing the parties to notify it of the status of the adversary at bench.

[3] The NJDEP filed a status report with this court on October 22, 2007, stating that it has not demanded over $800 million in penalties, rather $800 million (actually, the number was "closer to $900 million," Transcript of April 2, 2007, Doc. No. 15117, at 81, line 20) is the potential maximum daily penalty available under the New Jersey Spill Compensation and

(continued...)


and Mr. Burrill signed, in June of 1995. NJDEP asserts that the report should have provided additional information about contamination caused by expansion of vermiculite concentrate at a site Debtors operated in New Jersey.

At the time of the initial hearing on this matter in November of 2005, this court was prepared to find that the NJDEP action was not one to enforce a governmental unit's police or regulatory power and, therefore, was not excepted from the automatic stay under §362(b)(4). This court ordered the parties to meet and confer in an effort to settle, which they did over a period of a year or more. Those efforts were not successful. Now that the matter is back before us and we have again reviewed the pleadings and applicable law, we find that NJDEP's action is in violation of the automatic stay and so we will deny the motion to dismiss and grant Debtors' request for an injunction with respect to themselves and Mr. Bettacchi and Mr. Burrill. Because the District Court has affirmed this court's order denying NJDEP's motion to file a late proof of claim we also will issue a permanent injunction inasmuch as, based on the District Court's ruling, NJDEP does not have a claim cognizable in bankruptcy.

---

[3](...continued)
Control Act, NJSA 58:10-23.11 to 58:10-23.24, and the New Jersey Industrial Site Recovery Act, NJSA 13:1K-6 to 13:1k-13. The actual penalty amount would be determined by a court based upon proof. The amount of the fine is stated to be $75,000 per day since June of 1995. We note that on March 11, 2008, the District Court for the District of Delaware issued a Memorandum and Order affirming this court's order denying NJDEP's Motion to file a late proof of claim. *See* Civil Action No. 07-536, Doc. No. 18; Bankruptcy No. 01-1139 at Doc. Nos. 18284, 18285. Our order denying NJDEP's motion to file a late proof of claim is at Bankruptcy No. 01-1139 at Doc. No. 16467. In the District Court Memorandum the amount of the claim is stated as "approximately $31 million." Nothing in the record before us explains the discrepancy between $800 million and $31 million as the alleged claim amount. However, we note that the District Court found $31 million to be significant in terms of the effect on Debtors' estate.

NJDEP's Action Does Not Fall Within the Police/Regulatory Exception to the Automatic Stay

NJDEP asserts that its action must be permitted to proceed as an exception to the automatic stay. NJDEP relies in part on *In re James*, 940 F.2d 46 (3d Cir. 1991), for the proposition that its 2005 suit falls under the §362(b)(4) police and regulatory power exception to application of the automatic stay. *James* is inapplicable to the matter before us. That case was a civil forfeiture action in which a default judgment was entered against the debtor two days postpetition when the state had had no notice of the filing of the bankruptcy. Further, the bankruptcy court in *James* vacated the state court's default judgment and proceeded to examine the merits of the state forfeiture proceedings. The Court of Appeals held that when a judgment has been entered in a civil forfeiture proceeding by a state court the bankruptcy court does not have power to consider the merits of such proceeding. *James* does not fit the facts of the matter before us.

The NJDEP suit at issue was filed postpetition and has not proceeded to judgment. It was filed, with full knowledge of the bankruptcy, four years postpetition and ten years after the allegedly false report was submitted. The underlying merits of NJDEP's asserted cause of action also are not at issue before us. The question we address is simply whether NJDEP's action violated the stay or is a proper exercise of its police and regulatory power, purely a question of bankruptcy law.

NJDEP relies in part on *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d 267 (3d Cir. 1984), where the court found that police/regulatory power is a limited exception to the automatic stay designed solely to protect public health and safety and that a state's enforcement of an injunction which required a debtor to correct violations of state environmental

protection statutes was not stayed by §362.  In the instant matter, the U.S. Environmental Protection Agency ("EPA") has cleaned up the New Jersey site and has filed a claim in this bankruptcy case.  We find that the purpose of the NJDEP action is solely to liquidate its monetary claim for penalties, notwithstanding NJDEP's reliance on its police and regulatory powers as the basis for its suit, inasmuch as the site as to which the report was filed has been cleaned up and the claim for cleanup belongs to the EPA.  The NJDEP action seeking a fine with respect to an allegedly false report, particularly where the cleanup has been completed by a federal agency, where the action is not to address a risk to public health, safety or welfare, and where a risk no longer exists, does not fall under the §362(b)(4) exception to the automatic stay.[4]

---

[4]Notwithstanding the fact that NJDEP's action is based on the allegedly false 1995 report, NJDEP repeatedly invoked its entitlement to the §362(b)(4) exception on the basis of public health, safety and welfare.  *See* Adv. Doc. 7, Defendants' Brief in Support of Defendants' Motion to Dismiss Debtors' Complaint for Declaratory and Injunctive Relief and in Opposition to Debtors' Motion for an Injunction, at 6.  In its brief NJDEP stated that "[i]t is clear from Penn Terra and its progeny that actions to enforce a State's environmental laws constitute an exercise of the State's police and regulatory powers."  *Id*. at 7.  NJDEP cited *Penn Terra Ltd. v. Dept. of Environmental Resources*, 733 F.2d (3d Cir. 1984), for the proposition that a state's police power permits it to establish the amount of a penalty and that NJDEP is just seeking to fix the amount of the penalty, not to collect it.  *Penn Terra* is inapplicable as it involved enforcement of a consent order concerning cleanup of a site which would require the debtor to expend money.  In the matter before us, there is no environmental cleanup or hazard issue.  *Penn Terra* stated that "[t]he police power of the several States embodies the main bulwark of protection by which they carry out their responsibilities to the People."  733 F.2d at 273.  In this case the responsibility was executed by the EPA when it performed the cleanup.

NJDEP also referred to *U.S. v. LTV Steel Co., Inc.*, 269 B.R. 576 (W.D.Pa. 2001)(penalty action "primarily related to the safety and welfare of its citizens and not to the protection of the government's pecuniary interest in LTV's property").  Adv. Doc. No. 7, Defendants' Brief at 10.  However, NJDEP's action does not have a nexus to protection of public health and safety or welfare.

NJDEP cited *U.S. v. Nicolet, Inc.*, 857 F.2d 202 (3d Cir. 1988), which is inapplicable as it also was an action to recover cleanup costs.  *In re Torwico Electronics, Inc.*, 8 F.3d 146 (3d Cir. 1993), *cert. denied* 511 U.S. 1046 (1994), was discussed in the course of the hearings on this matter and was cited in briefs.  That case focused on the difference between a "debt" and a

(continued...)

5

Therefore, the NJDEP action is in violation of the stay and is null and void. *Raymark Industries, Inc. v. Lai*, 973 F.2d 1125, 1131 (3d Cir. 1992)("actions taken in violation of the automatic stay are without effect").

Standards for Injunctive Relief

With respect to the injunction, Debtors must show (1) a likelihood that they will succeed on the merits; (2) the extent to which they will suffer irreparable harm if the injunction is not issued; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) that the public interest will not be harmed. *See McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356-67 (3d Cir. 2007). Here, all factors favor Debtors.

*Success on the Merits*

Debtors will succeed on the merits inasmuch as the New Jersey action violates the stay and because the NJDEP cannot receive a distribution from this estate based upon its failure to timely file a proof of claim, which it is now barred from filing. Moreover, its action is unrelated to public health, safety or welfare so it does not fall within the §362(b)(4) exception to the stay.

---

[4](...continued)
"claim" in the environmental cleanup context. The Court of Appeals for the Third Circuit noted that requiring a debtor to comply with environmental cleanup obligations, even if it would cost the debtor money, was not a claim for bankruptcy purposes inasmuch as the state was not attempting to collect money to enforce its regulatory and police powers. Here, the NJDEP seeks to do nothing but liquidate a monetary fine.
    Regardless of NJDEP's intent to do nothing more than liquidate its penalty claim, even that, at this point in the case, would create needless expense. Because NJDEP cannot file a late proof of claim, whatever unsecured claim it would prove against the Debtors would be discharged in this bankruptcy. No claim will be paid by these Debtors to the NJDEP.

6

Therefore, the merits of its claim with respect to the allegedly false 1995 report will not be addressed in any forum.

*Irreparable Harm to Debtors*

In the environmental context at least, "[i]ssuance of an injunction . . . is appropriate where the threatened state activity would unduly interfere with the proper functioning of the Bankruptcy Code. *In re Security Gas & Oil, Inc.*, 70 B.R. 786, 793 (Bankr.N.D.Cal. 1987). In this case, the question of whether Debtors will suffer irreparable harm must be answered in the affirmative. The District Court agreed with our finding that the NJDEP claim, if permitted to go forward, would have a significant impact on the Debtors' estates. *See* Memorandum Affirming the Judgment of the Bankruptcy Court, Doc. No. 18284, at 6-7. We note that the amount of the claim as stated in the District Court opinion ($31 million) is hundreds of millions of dollars less than the potential claim stated in this adversary action ($800 million). The amount of the claim, even at $31 million, weighs in Debtors' favor with respect to consideration of the relative harm to the parties. The District Court recognized the burden to the estate of such a claim. More significant at this stage of the case, however, is that NJDEP will have no claim to be paid in this case in any amount inasmuch as it failed to file a proof of claim by the bar date. Thus, the irreparable harm by virtue of the expense to the estate of defending an action to liquidate a potential $800 million claim only so that the NJDEP can have some comfort in knowing what it could prove but could not collect is self-evident.

*Harm to NJDEP*

The harm to the NJDEP is significantly less, if, indeed, there is any harm at all. NJDEP asserts that it will suffer irreparable harm if not permitted to proceed because facts and witnesses

will be lost but it has not identified any such fact or witness nor has it described any harm to the public interest occasioned by an allegedly false report regarding a site that has been cleaned up by another entity. Based on the record before us, the only potential impact would be on NJDEP's pecuniary interest and a prepetition claim for which NJDEP failed to file a proof of claim. Any claim that NJDEP would have had if it had timely filed a proof of claim would not be subject to the police/regulatory power exception to the automatic stay inasmuch as it would not relate to an immediate or future threat to public health, safety, or welfare. Thus, the NJDEP is in no position different from any other creditor seeking to collect from these Debtors. Its claim is strictly monetary.

*The Public Interest*

NJDEP has not established that an injunction will have an adverse impact on the public interest. The action is not related, and has not been shown to threaten harm, to public health, safety, or welfare. In fact, there is no risk of harm to the State or to the public interest as the site has been cleaned up. Any harm to public health, safety or welfare that may have existed when the 1995 report was filed has been remediated by the EPA which holds a claim in that regard.

Summary With Respect to Debtors

Debtors have established entitlement to an injunction. The court in *Penn Terra Ltd. v. Dept. of Environmental Resources,* 733 F.2d 267 (3d Cir. 1984), stated that "[w]here important state law or general equitable principles protect some public interest, they should not be overridden by federal legislation unless they are inconsistent with explicit congressional intent such that the supremacy clause mandates their supersession." 733 F.2d at 273. The Court of Appeals for the Third Circuit addressed the issue in this fashion:

8

> We believe that the inquiry is more properly focused on the nature of the injuries which the challenged remedy is intended to redress – including whether plaintiff seeks compensation for past damages or prevention of future harm – in order to reach the ultimate conclusion as to whether these injuries are traditionally rectified by a money judgment and its enforcement.  Here, the Commonwealth Court injunction was, neither in form nor substance, the type of remedy traditionally associated with the conventional money judgment . . .  the . . . injunction was meant to prevent future harm to, and to restore, the environment. . . .
>
> Absent some . . . clear indication that these proceedings . . are actually aimed toward the enforcement of a money judgment, . . . . [w]e . . . conclude that the suit brought by DER to compel Penn Terra to remedy environmental hazards was properly brought as an equitable action to prevent future harm, and did not constitute an action to enforce a money judgment.  The automatic stay provision of 11 U.S.C. §362 is therefore inapplicable.

*Penn Terra, supra*, 733 F.2d at 278-79.  The situation in *Penn Terra* does not exist here.  We are faced with facts virtually contradictory to those addressed in *Penn Terra*.  Debtors have substantiated the propriety of and necessity for injunctive relief.

We find that the purpose of the NJDEP action is solely to liquidate its monetary claim for penalties, notwithstanding NJDEP's reliance on its police and regulatory powers as the basis for its suit, inasmuch as the site as to which the report was filed has been cleaned up and the claim for cleanup belongs to the EPA.  The harm to Debtors if the action is permitted to go forward would be significant; to the NJDEP, negligible in comparison.  Further, the effect on this bankruptcy case if the NJDEP is permitted to go forward with its suit would interfere with congressional intent to limit exceptions to the automatic stay.

Under the circumstances before us, we find that the state interest in protecting the public health, safety and welfare has been addressed by the EPA cleanup and NJDEP's action is not a matter related to public health, safety or welfare.  There is no harm to public health, safety or

welfare if the New Jersey action is enjoined as the EPA cleaned the site.  NJDEP's situation does not fit the police and regulatory exception to the stay.[5]

Regarding Mr. Bettachi and Mr. Burrill

At a hearing before this court in April of 2007, counsel for NJDEP stated that the New Jersey action, if permitted to proceed, would proceed only against Debtors and not the individual defendants.  *See* Transcript of April 2, 2007, Doc. No. 15117, at 80-81.  However, nothing in the record before us indicates that the action has been dismissed, terminated, or stayed with respect to the individuals.  Therefore, we will issue an order granting a preliminary injunction with respect to Mr. Bettacchi and Mr. Burrill inasmuch as the time, cost of defense, and potential liability to these estates based upon the indemnity obligation will have the same adverse effect upon the Debtors' estates as would a direct action against Debtors.  Even though Mr. Bettachi and Mr. Burrill are not debtors and, therefore, the stay of §362 does not automatically apply to them, the continuation of the action with respect to them would compel Debtors to defend the allegedly false report in the course of providing a defense to the individuals, thereby involving Debtors in the suit notwithstanding the automatic stay.  The impact on the estates, in terms of time and cost, would be similar if not identical to that Debtors would face in defending their own alleged liability.

---

[5]NJDEP cited *In re Travacom Communications, Inc.*, 300 B.R. 635 (Bankr.W.D.Pa. 2003), where the court said that "a governmental agency does not run afoul of an automatic stay by reducing such [money] damages, once they are liquidated, to judgment. . . ." *Id*. at 368. *Travacom* does not apply here inasmuch as damages have not been liquidated.  In fact, no claim has been filed in this case with respect to NJDEP.  We note that in discussing the applicability of the police/regulatory power exception to §362 the court in *Travacom* pointed out that §362(b)(4) applies to stop future harm as well as to fix damages for past conduct, *id*., but the conduct referred to is that which affects the public interest.  The public's interest in this case is not served by the NJDEP's action.

10

Conclusion

The NJDEP has not met its burden with respect to its motion to dismiss. Debtors have established the elements supporting issuance of an injunction in their favor. Further, in light of the opinion and order of the District Court affirming our order denying NJDEP's request to file a late proof of claim, the motion to dismiss the adversary will be denied and a permanent injunction will be issued as to Debtors. Because pursuit of the individuals would result in Debtors facing the same burden they would face in defending an action against themselves and because the New Jersey defendants indicated that their intent is to pursue only Debtors, this court will issue a preliminary injunction in favor of the individuals.

An appropriate order will be entered.

DATE: April 1, 2008

*Judith K. Fitzgerald*  jmd
Judith K. Fitzgerald
United States Bankruptcy Judge

cc:  David Bernick, Esquire
     Janet Baer, Esquire
     Lisa Esayian, Esquire
     200 East Randolph Drive
     Chicago, IL  60601

     James E. O'Neill, Esquire
     Pachulski Stang Ziehl & Jones LLP
     919 North Market Street, 17th Floor
     PO Box 8705
     Wilmington, DE  19899-8705

     Edward Devine, Esquire
     Rachel Jeanne Lehr, Esquire
     25 Market Street
     PO Box 093
     Trenton, NJ  08625-0093

11

Anthony J. Marchetta, Esquire
Day Pitney LLP
200 Campus Drive
Florham Park, NJ  07932-0950

Anthony J. Marchetta, Esquire
Day Pitney LLP
PO Box 1945
Morristown, NJ  07962

John F. Dickinson, Jr., Esquire
Office of the New Jersey Attorney General,
    Division of Law
RJ Hughes Justice Complex
25 Market Street, PO Box 093
Trenton, NJ  08625-0093

Rachel J. Lehr, Esquire
Office of the NJ Attorney General,
    Division of Law
RJ Hughes Justice Complex
25 Market Street, PO Box 093
Trenton, NJ  08625-093

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

The Honorable Mary L. Cooper
Clarkson S. Fisher Bldg. and Courthouse
Courtroom 5W
402 East State Street, Room 2020
Trenton, NJ  08608

The Honorable Tonianne J. Bongiovanni
Clarkson S. Fisher Bldg. and Courthouse
Courtroom 6E
402 East State Street, Room 2020
Trenton, NJ  08608

` IN THE UNITED STATES BANKRUPTCY COURT
FOR DISTRICT OF DELAWARE

IN RE:

| | |
|---|---|
| W.R. Grace & Co. , *et al.* | Bankruptcy No.  01-1139-JKF |
| Debtor(s) | Chapter 11 |
| | Jointly Administered |

| | |
|---|---|
| W. R. Grace & Co., *et al.* | |
| Plaintiff(s) | |
| | |
| v. | Adversary No. 05-52724 |
| | |
| Bradley M. Campbell, | **Related to Doc. No. 1, Complaint filed by Debtors** |
| Commissioner of the New | **for Declaratory and Injunctive Relief; Doc. No. 3,** |
| Jersey Department of Environ- | **Debtors' Motion for Preliminary Injunction; Doc. No. 6** |
| mental Protection, in his official | **Motion to Dismiss Adversary Proceeding filed on behalf** |
| capacity; Peter C. Harvey, Attorney | **of New Jersey DEP, Commissioner of New Jersey DEP,** |
| General of New Jersey, in his | **and New Jersey Attorney General** |
| official capacity | |
| Defendant(s) | |

**ORDER DENYING MOTION TO DISMISS AND ISSUING DECLARATORY
AND PERMANENT INJUNCTIVE RELIEF IN FAVOR OF DEBTORS**

**AND NOW**, this 1st day of April , **2008**, for the reasons stated in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that the motion to dismiss the adversary proceeding filed on behalf of New Jersey Department of Environmental Protection **("NJDEP")** and Bradley M. Campbell, Commissioner of the New Jersey Department of Environment Protection, in his official capacity, Peter C. Harvey, Attorney General of New Jersey, in his official capacity is **DENIED.**

It is **FURTHER ORDERED** that Debtors' request for declaratory and injunctive relief with respect to the prosecution of the New Jersey action is **GRANTED**.

1

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the civil action commenced by the NJDEP and the New Jersey Attorney General captioned "New York Department of Environmental Protection v. W.R. Grace & Co., Inc., W.R. Grace & Co.-Conn., Grace-Conn Successor, Jay H. Burrill, Robert J. Bettacchi" filed at Civ. No. L-001473-05 in the Superior Court of Mercer County, New Jersey, was filed in violation of the automatic stay of 11 U.S.C. §362 and is null and void as to Debtors.

It is **FURTHER ORDERED** that the NJDEP and Peter C. Harvey, the New Jersey Attorney General (the "New Jersey defendants"), are permanently enjoined from pursuing Debtors inasmuch as the state court action, removed to the District Court, was filed in violation of the stay and because, pursuant to the opinion of the District Court as related in the Memorandum Opinion accompanying this Order, the New Jersey defendants have no claim cognizable in this bankruptcy case with respect to this issue.

It is **FURTHER ORDERED** that, as to Debtors, the New Jersey defendants shall dismiss, with prejudice, the action at Civ. No. L-001473-05 in the Superior Court of Mercer County, New Jersey, and the removed action in the District Court for the District of New Jersey at Civil Action No. 05-4581, pursuant to the Memorandum Opinion accompanying this Order.

It is **FURTHER ORDERED** that, for the reasons stated in the foregoing Memorandum Opinion, the New Jersey defendants are preliminarily enjoined from pursuing their action against Mr. Bettacchi and Mr. Burrill until further order of this court.

It is **FURTHER ORDERED** that, appropriate, Debtors shall put this matter back on the agenda for status conference, with notice to all relevant parties.

*Judith K. Fitzgerald*
Judith K. Fitzgerald                                  jmd

2

United States Bankruptcy Judge.

cc:   David Bernick, Esquire
      Janet Baer, Esquire
      Lisa Esayian, Esquire
      200 East Randolph Drive
      Chicago, IL  60601

      James E. O'Neill, Esquire
      Pachulski Stang Ziehl & Jones LLP
      919 North Market Street, 17th Floor
      PO Box 8705
      Wilmington, DE  19899-8705

      Edward Devine, Esquire
      Rachel Jeanne Lehr, Esquire
      25 Market Street
      PO Box 093
      Trenton, NJ  08625-0093

      Anthony J. Marchetta, Esquire
      Day Pitney LLP
      200 Campus Drive
      Florham Park, NJ  07932-0950

      Anthony J. Marchetta, Esquire
      Day Pitney LLP
      PO Box 1945
      Morristown, NJ  07962

      John F. Dickinson, Jr., Esquire
      Office of the New Jersey Attorney General,
          Division of Law
      RJ Hughes Justice Complex
      25 Market Street, PO Box 093
      Trenton, NJ  08625-0093

      Rachel J. Lehr, Esquire
      Office of the NJ Attorney General,
          Division of Law
      RJ Hughes Justice Complex
      25 Market Street, PO Box 093
      Trenton, NJ  08625-093

U.S. Trustee
844 King Street
Suite 2313
Wilmington, DE  19801

The Honorable Mary L. Cooper
Clarkson S. Fisher Bldg. and Courthouse
Courtroom 5W
402 East State Street, Room 2020
Trenton, NJ  08608

The Honorable Tonianne J. Bongiovanni
Clarkson S. Fisher Bldg. and Courthouse
Courtroom 6E
402 East State Street, Room 2020
Trenton, NJ  08608

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

## APPEAL TRANSMITTAL SHEET

Case Number: _____  ◯ BK   ◯ AP
    If AP, related BK Case Number: _____

Title of Order Appealed:
_____
    Docket Number: _____      Date Entered: _____

Item Transmitted:  ◯ Notice of Appeal                ◯ Motion for Leave to Appeal
                     ◯ Amended Notice of Appeal     ◯ Cross Appeal
               Docket Number: _____       Date Filed: _____

*Appellant/Cross Appellant:                           *Appellee/Cross Appellee
_____              _____
Counsel for Appellant:                                Counsel for Appellee:
_____              _____
_____              _____
_____              _____
_____              _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ◯ Yes   ◯ No

IFP Motion Filed by Appellant?   ◯ Yes   ◯ No

Have Additional Appeals to the Same Order been Filed?  ◯ Yes   ◯ No
    If so, has District Court assigned a Civil Action Number?   ◯ Yes  ◯ No   Civil Action # _____

Additional Notes:
_____

_____              By: _____
Date                                            Deputy Clerk
_____
                                                                                FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06