IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Bankruptcy No. 01-1139-JKF |
| | Chapter 11 |
| W.R. Grace & Co., et al. | Jointly Administered |
|     Debtor(s) | |
| | |
| W.R. Grace & Co., *et al.* | |
|     Plaintiff(s) | |
| | |
| v. | Adversary No. 05-52724 |
| Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection, in his official capacity; Peter C. Harvey, Attorney General of New Jersey, in his official capacity | |
|     Defendants | |

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Rule 8006, Fed. R. Bankr. P., the State of New Jersey, Department of Environmental Protection ("Department" or "State") respectfully submits its Designation of the Items to be included in the Record on Appeal.

**Designation of Items to Be Included in the Record on Appeal:**

| DATE | DOCKET NO. | DESCRIPTION |
|---|---|---|
| 04/01/2008 | 30 | Memorandum Opinion and Order |
| 04/08/2008 | 31 | Notice of Appeal |
| 9/19/2005 | 1 | W.R. Grace Complaint for Declaratory and Injunctive Relief by W.R. GRACE |

| | | |
|---|---|---|
| | | & CO., et al. Against Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection |
| 9/19/2005 | 3 | Motion for Preliminary Injunction Debtor's Motion for an Injunction Under Sections 105 and 362 of the Bankruptcy Code |
| 10/07/2005 | 6 | Motion to Dismiss Adversary Proceeding Filed by Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection |
| 10/07/2005 | 7 | Brief Filed by Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection |
| 10/28/2005 | 8 | Objection to Defendants' Motion to Dismiss Filed by W.R. Grace & Co. |
| 11/18/2005 | 9 | Certification of Counsel Regarding Debtors' Motion for an Injunction Under Sections 105 and 362 of the Bankruptcy Code Filed by W.R. GRACE & CO. |
| 01/17/2006 | 10 | Order (Modified) Regarding Debtors' Motion for Injunction Under Sections 105 and 362 of the Bankruptcy Code |
| 01/31/2006 | 11 | Order (Second) Regarding Debtor's Motion for an Injunction |
| 02/23/2006 | 12 | Order (Third) Regarding Debtor's Motion for an Injunction |
| 03/29/2006 | 13 | Order (Fourth) Regarding Debtor's Motion for an Injunction |
| 05/18/2006 | 14 | Certification of Counsel Regarding Order Regarding Debtors' Motion for an Injunction Under Sections 105 and 362 of the Bankruptcy Code |
| 06/05/2006 | 15 | Order (Fifth) Regarding Debtor's Motion for an Injunction. Order |

| | | |
|---|---|---|
| | | Signed on 6/5/2006.(LCN,)(Entered: (06/05/2006) |
| 06/20/2006 | 16 | Order (Sixth) Regarding Debtor's Motion for an Injunction. |
| 06/26/2006 | 17 | Certification of Counsel Regarding Corrected Order Regarding Debtors' Motion for an Injunction Under Sections 105 and 362 of the Bankruptcy Code |
| 06/29/2006 | 18 | Order (Corrected Sixth) Regarding Debtor's Motion for an Injunction |
| 09/26/2006 | 20 | Order (Eighth) Regarding Debtor's Motion for an Injunction |
| 11/21/2006 | 21 | Order (Ninth) Regarding Debtor's Motion for an Injunction |
| 12/20/2006 | 22 | Order (Tenth) Regarding Debtor's Motion for an Injunction |
| 01/24/2007 | 24 | Order (Eleventh) Regarding Debtor's Motion for an Injunction |
| 02/23/2007 | 25 | Order Continuing Hearing on Debtors' Motion for Injunction to the April 2, 2007 |
| 10/05/2007 | 26 | Order Requiring Status Report and Setting Status Conference |
| 10/16/2007 | 28 | Status Report of Debtor W.R. Grace & Co. et al. Filed by W.R. GRACE & CO., et al. |
| 10/22/2007 | 29 | Status Report Letter re Status Report Filed by Bradley M. Campbell, Commissioner of the New Jersey Department of Environmental Protection |

<u>Docket No. 01-01139</u>

| | | |
|---|---|---|
| 1/18/2006 | 11563 | Transcript of 11/14/05 Hearing |

```
4/09/2007        15117            Transcript of 4/02/2007 Hearing
```

                                    Respectfully submitted,

                                    ANNE MILGRAM
                                    ATTORNEY GENERAL OF NEW JERSEY

                        By: <u>/S/ Rachel Jeanne Lehr</u>
                            Rachel Jeanne Lehr
                            Deputy Attorney General

Dated: April 18, 2008

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Bankruptcy No. 01-1139-JKF |
| | Chapter 11 |
| W.R. Grace & Co., et al. | Jointly Administered |
|     Debtor(s) | |
| | |
| W.R. Grace & Co., et al. | |
|     Plaintiff(s) | |
| | |
| v. | Adversary No. 05-52724 |
| | |
| Bradley M. Campbell, | |
| Commissioner of the | |
| New Jersey Department of | |
| Environmental Protection, | |
| in his official capacity; | |
| Peter C. Harvey, | |
| Attorney General of | |
| New Jersey, in his | |
| official capacity | |
|     Defendants | |

**STATEMENT OF ISSUES PRESENTED ON APPEAL**

Pursuant to Rule 8006, Fed. R. Bankr. P., Bradley M. Campbell, et al, respectfully submits this Statement of Issues Presented on Appeal.

**Statement of Issues to Be Presented:**

A.   Whether the Bankruptcy Court erred in finding that the State's action was not subject to the State's exemption from the automatic stay, 11 U.S.C. 362 (b)(4), for actions pursuant to the police power or the State.

B.   Whether the Bankruptcy Court erred in finding that because the EPA later remediated the site, there was no danger to

the public health and the environment from the debtor's signing false certifications as to the asbestos-ridden condition of the site; the State's motion to file a late proof of claim considering the totality of the circumstances, which included the fact that the debtor, W.R. Grace, had sworn to false information about the contamination at the site that the State had no way of knowing about before the bar date.

   F. Whether the Bankruptcy Court erred in ignoring such decisions as <u>State of New Jersey, Department of Environmental Protection and Energy v. Madison Industries, Inc</u>., 161 B.R. 363 (D.N.J. 1993) in which Chief Judge Garrett Brown of the District of New Jersey wrote that rather than the penalty aspect of the an enforcement action constituting an action to collect a "money judgment" and thus <u>not</u> exempt from the automatic stay, found that the "DEP's statutory penalties merely gave 'teeth' to New Jersey's environmental laws."

       Respectfully submitted,

       ANNE MILGRAM
       ATTORNEY GENERAL OF NEW JERSEY

     By: <u>/S/ Rachel Jeanne Lehr</u>
       Deputy Attorney General

Dated: April 18, 2008