IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

In re W.R. Grace & Company, et al. :

Bradley M. Campbell, :  Bankruptcy Case No. 01-1139
Commissioner of the New Jersey
Department of Environmental :  On Appeal from a Final
Protection, in his official     Decision of the United
capacity, Peter C. Harvey, :    States Bankruptcy Court
Attorney General of New Jersey, District of Delaware
in his official capacity, :     Hon. Judith K. Fitzgerald

    Appellants, :

                            Adversary No. 05-52724
    v. :                       Appeal Number 08-025

W.R. GRACE & CO., :
                    :
    Appellees.

---

REPLY BRIEF OF APPELLANT BRADLEY M. CAMPBELL, ET AL.

---

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street, PO Box 093
Trenton, New Jersey 08625-0093
Attorney for Appellants
(609) 984-5016

Stuart B. Drowos (Bar 427)
Deputy Attorney General
Division of Revenue, Department of Finance
Carvel State Building
820 North French Street, 8th Floor
Wilmington, Delaware 19801
Local Counsel

Rachel Jeanne Lehr
John F. Dickinson, Jr.,
New Jersey Deputy Attorneys General
   On the Brief

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| PROCEDURAL HISTORY AND STATEMENT OF THE CASE | 1 |
| ARGUMENT | |
| BOTH THE BANKRUPTCY COURT BELOW AND W. R. GRACE ARE IGNORING THE PLAIN LANGUAGE OF THE STATUTE AND THE LEGISLATIVE HISTORY | 1 |
| CONCLUSION | 8 |

**TABLE OF AUTHORITIES**

PAGE

CASES CITED

Brennan v. Poritz, 198 B.R. 445 (D.N.J.1996) . . . . . . . . . 7

FTC v. Standard Oil Co., 449 U.S. 232, 244 (1980) . . . . . . . 7

Matter of Commonwealth Oil Refining Co.,
    805 F.2d 1175, 1188 n.16 (5th Cir. 1986),
    cert. denied, 483 U.S. 1005 (1987) . . . . . . . . . . . . 6

Midlantic National Bank v. New Jersey Department
    of Environmental Protection, 474 U.S. 494, 505,
    106 S. Ct. 755, 761-62, 88 L.Ed.2d 859 (1986) . . . . . . 2

Northwest Bank Worthington v. Ahlers,
    485 U.S. 197, 206 (1988) . . . . . . . . . . . . . . . . . 6

United States of America v. LTV Steel Company, Inc.,
    269 B.R. 576, 582 (Bankr. W.D.Pa. 2001) . . . . . . . . . 5

Wilner Wood Products Co. v. State of Maine, D.E.P.,
    128 B.R. 1, 3 (D.Me. 1991) . . . . . . . . . . . . . . . . 6

STATUTES CITED

11 U.S.C. 362(b)(4) . . . . . . . . . . . . . . . . . . . 1, 2, 7

MISCELLANEOUS

S. Rep. No. 95-989 at 52, 1978 U.S. Code Cong. &
    Admin. News at 6299.  (Emphasis added) . . . . . . . . . . 1

PROCEDURAL HISTORY AND STATEMENT OF THE CASE

Appellants rely on the Procedural History and Statement of the Case in their Appellate Brief.

ARGUMENT

BOTH THE BANKRUPTCY COURT BELOW AND W. R. GRACE ARE IGNORING THE PLAIN LANGUAGE OF THE STATUTE AND THE LEGISLATIVE HISTORY.

Again, as noted in the State's appellate brief, the legislative history of Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. 362(b)(4), explains the purpose of the latter exception:

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, <u>environmental protection</u>, consumer protection, safety, or similar police or regulatory laws, <u>or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.</u> [S. Rep. No. 95-989 at 52, 1978 U.S. Code Cong. & Admin. News at 6299. (Emphasis added).]

It could not be made more clear that the State's damages, which the Bankruptcy Court mistakenly called a "pecuniary interest," can be fixed pursuant to this exemption. That is exactly what the State was trying to do when it filed its complaint. The legislative record emphasizes that "[b]etween 1973 and 1978, some courts had stretched the expanded automatic stay to foreclose the State's efforts to enforce their antipollution laws and Congress wanted to overrule these interpretations in its 1978

1

revision." Id. at 6134-6136. In the face of the greatly increased scope of §362, Congress decided to impose express limits on the stay provisions. See Midlantic National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494, 505, 106 S. Ct. 755, 761-62, 88 L.Ed.2d 859 (1986).

11 U.S.C. 362(b)(4) includes the enforcement of a judgment as exempt from the automatic stay, "other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power." 11 U.S.C. 362(b)(4). There would be no need for this statement if the State was prevented from filing such a complaint as it did in this matter. The State may be prevented from collecting such a money judgment, but there is nothing that says it cannot obtain such a money judgment. There would be no need for 362(b)(4) if a penalty action or any action to fix a monetary judgment was a violation of the automatic stay. It is only the enforcement of a money judgment that is a violation of the automatic stay, not the fixing of liability in a penalty action. The fact that the State is not seeking injunctive relief other than the penalty is irrelevant. Grace and the court below are ignoring the plain language of the law, the bankruptcy code and the legislative history.

Both the Bankruptcy Court and Grace think that the fact that the DEP did not eventually remediate the Hamilton site itself

has great significance. It has nothing to do with anything. The State was never attempting to compel Grace to do the remediation. It was too late for that. Among Grace's many mistatments is its assertion that the EPA remediated the site. The truth is, Amtrak and American Premier Underwriters, formerly known as the Penn Central Corporation, did the cleanup under EPA oversight.

In addition, the complaint filed against W.R. Grace included the two employees who actually signed the false certifications, Jay H. Burrill and Robert J. Bettacchi. As the State argued to the United States District Court for the District of New Jersey in its brief in support of its motion to remand this matter to the Superior Court of New Jersey, neither of these men are in bankruptcy, so there can be no violation of the automatic stay as to them, making the Bankruptcy Court's opinion and the arguments of Grace even more illogical and incorrect. Bettacchi and Burrill's liability in this matter involves personal conduct, that is, the act of certifying documents they knew to be false or misleading. The acts occurred during the course of their employment with Grace, but their potential liability is personal and separate and apart from Grace's. It is based on the Department's belief that Bettacchi and Burrill "knowingly provided or caused to be provided false or misleading information" in the PA/SI Report and the Negative Declaration, and that they "knowingly directed or authorized a violation of ISRA." Complaint, ¶¶ 61-64.

3

The State is not seeking to hold Grace financially responsible for the acts of Burrill and Bettacchi. Only personal liability can serve as a deterrent to directors and employees who might otherwise falsely certify to environmental submissions under corporate pressure.

Additionally, the possibility that Grace may have to indemnify Bettachi and/or Burrill pursuant to a provision of Grace's by-laws, the supposed basis for including them within the ambit of the Grace bankruptcy, does not extend the jurisdiction of bankruptcy court to Bettachi and Burrill. The possibility of indemnification is just that, a possibility. It is dependent upon many factors, and a request for indemnification can be rightfully denied. A speculative indemnification obligation does not justify the finding that filing the State's complaint was a violation of the automatic stay when these two individuals are not part of the bankruptcy case, and when their liability is based on their knowing, personal conduct, not corporate conduct.

Grace wants to have everything both ways. It argued that this case has nothing to do with the proof of claim case on appeal to the Third Circuit in its opposition to consolidating the two cases, but now it is illogically arguing that because the State has been denied the filing of a late proof of claim, that years of valid case law in this circuit and others should be reversed! First of all, the decision denying the State's motion

4

to file a late proof of claim is on appeal to the Third Circuit. But regardless of that, Grace's argument makes no sense. The State's filing of a complaint for violation of a law reasonably related to protection of the public health and safety and the environment is not a violation of the automatic stay whether the State has filed a proof of claim or not. And who did the ultimate cleanup is totally irrelevant. Failure to file a proof of claim cannot make the filing of this complaint a violation of the automatic stay. One thing has nothing to do with the other.

Grace has not produced the case law that it alleges agrees with the Bankruptcy Court, and the State is not going to repeat all the case law cited in its prior brief. Suffice it to say that the case law clearly supports a finding that the State penalty action is not barred by the automatic stay. See, e.g., United States of America v. LTV Steel Company, Inc., 269 B.R. 576, 582 (Bankr. W.D.Pa. 2001) (A civil penalty action initiated by government to redress violations of the federal Clean Air Act fell within the meaning of the phrase "police and regulatory power" and was not subject to the automatic stay provisions of §362(a)). It also must be noted that Grace and the Bankruptcy Court have incorrectly said that the DEP has not disputed that the State penalty action would interfere with the reorganization of Grace. While that issue is from the proof of claim case that

Grace argued has nothing to do with this matter, the State indeed does dispute that point. See proof of claim brief at page 8.

Although Section 105 of the Bankruptcy Code gives the Bankruptcy Court the power to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the code, this power is not unlimited. Section 105 is not an unrestricted grant of authority to bankruptcy courts to exercise their personal view of the equities of a particular situation. Rather, the authority is granted to the courts to supplement and enforce the existing policies of the Code, not to supplant or contradict them. See e.g., Northwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) (finding that whatever equitable powers the Bankruptcy Court has can only be exercised within the confines of the Bankruptcy Code to further its policies, not to contravene them); See also Matter of Commonwealth Oil Refining Co., 805 F.2d 1175, 1188 n.16 (5th Cir. 1986), cert. denied, 483 U.S. 1005 (1987)(denying an injunction to prevent EPA enforcement act because §105 "does not authorize the bankruptcy court to create substantive rights that are otherwise unavailable under applicable law or constitute a roving commission to do equity"); Wilner Wood Products Co. v. State of Maine, D.E.P., 128 B.R. 1, 3 (D.Me. 1991)("That statute does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law," finding that

§105 did not give the court the authority to enjoin enforcement of the state's environmental laws, even temporarily, when they burden debtor's reorganization efforts); FTC v. Standard Oil Co., 449 U.S. 232, 244 (1980)(finding that the expense and disruption of defending itself in adjudicatory proceedings does not constitute irreparable harm); Brennan v. Poritz, 198 B.R. 445 (D.N.J.1996)(finding that debtor's need for breathing spell to effectuate orderly reorganization was not sufficient reason for bankruptcy court to invoke its general equitable powers to enjoin state regulatory proceeding, which was civil action against debtor alleging securities fraud and racketeering activity, and which would otherwise be excepted from the automatic stay as continuation of action by governmental unit to enforce its police or regulatory powers. 11 U.S.C. 362(b)(4); "Grant of injunctive relief is extraordinary remedy that should be granted only in limited circumstances."). The Bankruptcy Code exists to give debtors an opportunity for a fresh start, not provide a haven for violators of the law. That is exactly what will occur here if the Bankruptcy Court's decision is upheld on the basis of Section 105.

Grace is interpreting the case law it cites as if the state were trying to collect the penalty during the pendency of the penalty action. The State is attempting to do no such thing. It is trying to fix the amount of the penalty. The State does

7

not expect to get paid ahead of other creditors prior to the final resolution of the bankruptcy case.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court should be reversed, and the Department of Environmental Protection should be permitted to enforce its environmental laws against W.R. Grace, Jay H. Burrill and Robert J. Bettacchi.

                  Respectfully submitted,

                  ANNE MILGRAM
                  ATTORNEY GENERAL OF NEW JERSEY


By: /S/Rachel Jeanne Lehr
    Rachel Jeanne Lehr
    Deputy Attorney General


    S/ Stuart B. Drowos
    Stuart B. Drowos (Bar 427)
    Deputy Attorney General
    Division of Revenue
    Department of Finance
    Carvel State Building
    820 North French Street, 8th Floor
    Wilmington, Delaware 19801

    Local Counsel for Appellants

Dated: July 24, 2008