IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br>W. R. GRACE & CO., *et al.*, <br><br>    *Debtors.* | Case No. 01-01139 (JKF) <br> Adversary No. 05-52724 |
| BRADLEY M. CAMPBELL, COMMISSIONER OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, in his official capacity, PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY, in his official capacity, <br><br>    *Appellants,* <br><br>v. <br><br>W. R. GRACE & CO., *et al.* <br><br>    *Appellees.* | Case No. 08-0250 (RLB) |

## APPELLEES' MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

Grace respectfully requests leave to file the attached sur-reply to respond to the new arguments raised in the NJDEP's Reply Brief. It is well-established that parties cannot raise arguments for the first time in a reply brief. *See Werner v. Werner*, 267 F.3d 288, 302 (3d Cir. 2001) ("A reply brief is like rebuttal-an opportunity for the appellant to 'reply' to arguments of the appellee, not to raise a new issue at a time when the appellee cannot respond. That is unfair."); *Stern v. Halligan*, 158 F.3d 729, 731 n. 3 (3d Cir. 1998) ("A party cannot raise issues for the first time in a reply brief."). Because the NJDEP raised new arguments in its reply, Grace requests the opportunity to respond to those new arguments in a short sur-reply.

WHEREFORE, Grace respectfully requests that the Court grant leave to file the attached sur-reply.

Dated: August 8, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL  60601
Telephone:    (312) 861-2000
Facsimile:     (312) 861-2200

- and -

PACHULSKI, STANG, YOUNG & JONES

Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400

*Co-Counsel for Appellees*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>W. R. GRACE & CO., *et al.*,<br><br>   *Debtors.*<br><br>―――――――――――――――――<br><br>BRADLEY M. CAMPBELL,<br>COMMISSIONER OF THE<br>NEW JERSEY DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION,<br> in his official capacity,<br>PETER C. HARVEY, ATTORNEY<br>GENERAL OF NEW JERSEY,<br> in his official capacity,<br><br>   *Appellants,*<br><br>  v.<br><br>W. R. GRACE & CO., *et al.*<br><br>   *Appellees.* | Case No. 08-0250 (RLB)<br>Hon. Ronald L. Buckwalter<br>United States District Judge<br>(by special designation) |

On Appeal From The United States Bankruptcy Court
For The District of Delaware (Fitzgerald, J.)
Case No. 01-01139, Adversary No. 05-52724

**SUR-REPLY BRIEF OF APPELLEES**

# TABLE OF CONTENTS

Page

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.     The Bankruptcy Court Correctly Held that the Penalty Action is Not Exempt from the Automatic Stay. ..................................................................2

    II.    The Bankruptcy Court Correctly Enjoined the NJDEP from Pursuing the Penalty Action Against Mr. Bettacchi and Mr. Burrill ..........................................3

    III.   The Bankruptcy Court's Section 105 Injunction was Appropriate to Avoid Interference with Grace's Reorganization ..........................................................5

CONCLUSION ................................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brock v. Morysville Body Works, Inc.*,
   829 F.2d 383 (3d Cir. 1987) ......................................................................................................2

*Danny Kresky Enter. Corp. v. Magid*,
   716 F.2d 206 (3d Cir. 1983) ......................................................................................................3

*In re Suprema Specialties, Inc. Securities Litig.*,
   438 F.3d 256 (3d Cir. Feb. 23, 2006) ........................................................................................3

*In re W.R. Grace & Co. (Gerard v. W.R. Grace & Co.)*
   115 Fed. Appx. 565 (3d Cir. 2004) ...........................................................................................4

***In re W.R. Grace & Co.***,
   2008 WL 687357 (D. Del. 2008) ..............................................................................................6

*United States v. LTV Steel Co., Inc.*,
   269 B.R. 576 (W.D. Pa. 2001) ...............................................................................................1, 2

**Statutes**

11 U.S.C. § 105 ......................................................................................................................1, 4, 5

11 U.S.C. § 362 ................................................................................................................................5

## INTRODUCTION

The NJDEP's Reply Brief is remarkable in that there is little response to any of the cases or arguments in Grace's brief. For good reason. The case law firmly supports the Bankruptcy Court's holding that (1) the NJDEP's Penalty Action against Grace violated the automatic stay and should also be enjoined under section 105 and (2) an injunction should issue with respect to Mr. Bettacchi and Mr. Burrill under section 105. The new arguments raised by the NJDEP in its Reply Brief fail to demonstrate otherwise.

*First*, none of the cases cited by the NJDEP in its opening brief are contrary to the Bankruptcy Court's holding that the Penalty Action violated the automatic stay. Rather than dispute this point, the NJDEP now cites a single district court case, *United States v. LTV Steel Co., Inc.*, 269 B.R. 576 (W.D. Pa. 2001), for its proposition that a penalty action may constitute a police power action. Not only is *LTV Steel* distinguishable for the reasons stated by the Bankruptcy Court (which the NJDEP simply ignores), the proposition for which it is cited by the NJDEP conflicts with controlling Third Circuit authority.

*Second*, contrary to the NJDEP's mischaracterizations, the Bankruptcy Court did not hold that the automatic stay applied to non-debtor individuals, nor did it hold that the Penalty Action violated the automatic stay because the NJDEP failed to file a proof of claim. The NJDEP simply conflates the Bankruptcy Court's holding that the Penalty Action violated the automatic stay with its granting of an injunction under section 105.

*Finally*, the case law is clear that the Bankruptcy Court had the authority to issue a section 105 injunction and appropriately exercised its discretion in doing so. Although the NJDEP now disputes that allowing the Penalty Action to proceed would interfere with Grace's reorganization, the NJDEP fails to provide any support for this newfound disagreement.

**ARGUMENT**

I.  **The Bankruptcy Court Correctly Held that the Penalty Action is Not Exempt from the Automatic Stay.**

Rather than responding to any of the cases cited by Grace or disputing that every case relied upon by the NJDEP in its opening brief is distinguishable, the NJDEP cites *United States v. LTV Steel Co., Inc.*, 269 B.R. 576 (W.D. Pa. 2001) for the proposition that a government action to impose retrospective penalties is exempt from the automatic stay. (NJDEP Reply at 5). *LTV Steel* is distinguishable, does not bind this Court and ignores the Third Circuit's decision in *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383 (3d Cir. 1987), which does bind this Court. In *Brock*, the Third Circuit held that the Bankruptcy Code permitted OSHA to enforce a regulatory citation that would "prevent future harm to employees and to restore the work site to a safe condition," 828 F.2d at 388, but it did not permit the agency to enforce an order imposing civil penalties for past violations. (*See* Grace Brief at 6-7). The NJDEP presents no controlling authority to the contrary.

Even if a penalty action could constitute a police power action, *LTV Steel* is inapposite to the present case. As the Bankruptcy Court recognized, unlike the action at issue in *LTV Steel*, the "NJDEP's action does not have a nexus to protection of public health and safety or welfare." (Opinion at 5 n.4). In *LTV Steel*, the government sought penalties for actual environmental harm (coal plant emissions in violation of the Clean Air Act). In contrast, the Penalty Action does not seek to correct any past environmental harm or to deter future harm. Instead, the Penalty Action solely seeks to impose penalties for alleged non-compliant reporting activity that occurred more than 13 years ago. The NJDEP makes no attempt to refute that the Bankruptcy Court correctly distinguished *LTV Steel* on these grounds.

The NJDEP also argues that its failure to file a proof of claim cannot serve as the basis for holding that the Penalty Action violates the automatic stay. (NJDEP Reply at 5) ("Failure to file a proof of claim cannot make the filing of this complaint a violation of the automatic stay. One thing has nothing to do with the other."). Of course, neither the Bankruptcy Court nor Grace has ever stated that the failure to file a proof of claim affects whether the Penalty Action violates the automatic stay. Rather, the Opinion is clear that the Bankruptcy Court considered the NJDEP's failure to file a proof of claim in holding that the requirements for granting an injunction had been met. (*See* Opinion at 7, Grace Brief at 2, 9).[1]

## II. The Bankruptcy Court Correctly Enjoined the NJDEP from Pursuing the Penalty Action Against Mr. Bettacchi and Mr. Burrill

For the first time, the NJDEP argues that the Bankruptcy Court erred in enjoining the NJDEP from pursuing its Penalty Action against Mr. Bettacchi and Mr. Burrill. (NJDEP Reply at 3-4, 8). The NJDEP did not dispute this issue before the Bankruptcy Court or in its opening brief in this appeal, and thus is barred from doing so in its Reply Brief.[2] Indeed, the NJDEP's argument that it should be allowed to proceed against Bettacchi and Burrill is contrary to the

---

[1] Interestingly, the NJDEP previously recognized in a recent brief to the Third Circuit that its failure to file a proof of claim pertained to the Bankruptcy Court's decision to grant an injunction rather than its holding that the Penalty Action violated the automatic stay. See 6/20/08 Reply to W.R. Grace's Opposition to Hold Briefing in Abeyance (3d Cir., Case No. 08-2069) at 2 ("The injunction was issued in large part because the court found that the debtors likely would be successful on the merits due to the State's inability to receive a distribution from the estate based on its failure to file a proof of claim.").

[2] It is axiomatic that reviewing courts "do not ordinarily consider issues which the parties have failed to raise below," *Danny Kresky Enter. Corp. v. Magid*, 716 F.2d 206, 214-15 (3d Cir. 1983), or in their opening brief on appeal, *see, e.g., In re Suprema Specialties, Inc. Securities Litig.*, 438 F.3d 256, 286 n.17 (3d Cir. 2006) ("[I]t is well-settled in this court that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.") (internal quotation omitted).

NJDEP's representations to the Bankruptcy Court. As the Bankruptcy Court noted in its Opinion, the NJDEP represented that it would not seek to proceed against the individuals:

> At a hearing before this court in April of 2007, counsel for NJDEP stated that the New Jersey action, if permitted to proceed, would proceed only against Debtors and not the individual defendants. *See* Transcript of April 2, 2007, Doc. No. 15117, at 80-81.

(Opinion at 10). The NJDEP has never disputed this representation to the Bankruptcy Court and its attempt to argue the opposite to this Court should not be countenanced. Further, the NJDEP's arguments that the Bankruptcy Court erred in enjoining the NJDEP from pursuing the penalty action with respect to the individuals are baseless.

The NJDEP argues that "the possibility that Grace may have to indemnify Bettacchi and/or Burrill pursuant to a provision of Grace's by-laws . . . does not extend the jurisdiction of [the] bankruptcy court to Bettacchi and Burrill." (NJDEP Reply at 4). Contrary to the NJDEP's unsupported assertion, the Third Circuit, in this case, has made clear that a debtor's indemnification obligation is a sufficient, but not necessary, ground for extending an injunction to include third parties. *See In re W.R. Grace & Co. (Gerard v. W.R. Grace & Co.)* 115 Fed. Appx. 565, 568-69 (3d Cir. 2004) (holding that the "prospect of indemnification by Grace made inclusion of a stay of suits against MCC appropriate.").

The NJDEP also argues that because Mr. Bettacchi and Mr. Burrill are not in bankruptcy, the Bankruptcy Court erred in holding that the automatic stay applies to them (NJDEP Reply at 3-4). But the Bankruptcy Court never held that the automatic stay applied to them. Rather, the Bankruptcy Court explicitly stated that although the automatic stay does not apply to Mr. Bettacchi and Mr. Burrill, it issued a section 105 injunction as to these individuals due to Grace's indemnity obligation and the fact that Grace would be compelled to defend the allegedly false report in providing a defense for the individuals:

4

> [W]e will issue an order granting a preliminary injunction with respect to Mr. Bettacchi and Mr. Burrill inasmuch as the time, cost of defense, and potential liability to these estates based upon the indemnity obligation will have the same adverse effect upon the Debtors' estates as would a direct action against Debtors. Even though Mr. Bettacchi and Mr. Burrill are not debtors and, therefore, the stay of § 362 does not automatically apply to them, the continuation of the action with respect to them would compel Debtors to defend the allegedly false report in the course of providing a defense to the individuals, thereby involving Debtors in the suit notwithstanding the automatic stay. The impact on the estates, in terms of time and cost, would be similar if not identical to that Debtors would face in defending their own alleged liability.

(Opinion at 10). The NJDEP simply confuses the Bankruptcy Court's granting of an injunction under Section 105 with respect to the individuals with the court's separate holding that the Penalty Action against Grace violates the automatic stay.

### III.  The Bankruptcy Court's Section 105 Injunction was Appropriate to Avoid Interference with Grace's Reorganization

The NJDEP fails to address any of the well-established authority holding that bankruptcy courts have the discretion to grant a section 105 injunction even if the automatic stay is not applicable. (*See* Grace Brief at 8-10).³ Instead, the NJDEP argues that "Grace and the Bankruptcy Court have incorrectly said that the DEP has not disputed that the State penalty action would interfere with the reorganization of Grace." (NJDEP Reply at 5). However, the NJDEP admits in the next sentence of its brief that it never disputed the issue in this case, but instead relies upon an argument in its separate action to file a late proof of claim. (*Id.* at 5-6). *First*, the fact remains that the NJDEP is barred from disputing this point because it neither

---

³ The NJDEP conceded this point in its brief to the Bankruptcy Court. *See* Defendants' Brief in Support of Defendants' Motion to Dismiss Debtors' Complaint for Declaratory and Injunctive Relief and In Opposition to Debtors' Motion for an Injunction (Adv. Pro. 05-52724, Dkt. No. 7), at 11-12 ("Even in cases where the automatic stay of Section 362(a) is inapplicable to a third-party action as a result of the Code's police power exception, 11 U.S.C. 362(b)(4), there still may be a way for the debtor to stay that action. 11 U.S.C. 105(a) provides that: [¶] 'The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.' 11 U.S.C. 105(a).").

addressed the issue in *this* case, nor did it do so in its opening brief.[4]  ***Second***, although the NJDEP argued that allowing it to file a late proof of claim would not interfere with the reorganization, it never disputed that requiring Grace to litigate the Penalty Action at this time would disrupt the reorganization.  ***Third***, even if the NJDEP's argument that filing a late proof of claim would not interfere with Grace's reorganization were relevant to the issues before this Court (which it is not), that argument has been rejected by this Court.  *See In re W.R. Grace & Co.*, 2008 WL 687357, *4 (D. Del. 2008) (holding that "allowing the claim at this late date would most certainly adversely impact the judicial administration of the estate.").  ***Finally***, although the NJDEP now disputes that proceeding with the Penalty Action would interfere with the reorganization, it provides no support whatsoever for disputing the Bankruptcy Court's finding on this point.  Accordingly, the Bankruptcy Court appropriately exercised its discretion in granting the section 105 injunction.

## **CONCLUSION**

For the reasons set forth in Grace's Reply Brief and herein, the Bankruptcy Court's order should be affirmed.

---

[4] *See* footnote 2 above.

Dated: August 8, 2008

KIRKLAND & ELLIS LLP
David M. Bernick, P.C.
Janet S. Baer
Salvatore F. Bianca
200 East Randolph Drive
Chicago, IL 60601
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

- and -

PACHULSKI, STANG, YOUNG & JONES

_____
Laura Davis Jones (Bar No. 2436)
James E. O'Neill (Bar No. 4042)
Kathleen P. Makowski (Bar No. 3648)
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

*Co-Counsel for Appellees*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **W. R. GRACE & CO.,** *et al.* | ) | Case No. 08-0250 (RLB) |
| | ) | Hon. Ronald L. Buckwalter |
| **Debtors.** | ) | United States District Judge |
| _____ | ) | (by special designation) |
| BRADLEY M. CAMPBELL, | ) | |
| Commissioner of the New Jersey | ) | |
| Department of Environmental | ) | |
| PROTECTION, in his official capacity, | ) | |
| PETER C. HARVEY, ATTORNEY | ) | |
| GENERAL OF NEW JERSEY, in his | ) | |
| official capacity, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| W.R. GRACE & CO., et al. | ) | |
| | ) | |
| Appellees. | ) | |

## CERTIFICATE OF SERVICE

I, Kathleen P. Makowski, hereby certify that on the 8th day of August, 2008, I caused a copy of the following documents to be served on the individuals on the attached service list in the manner indicated:

**APPELLEES' MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF AND SUR-REPLY BRIEF OF APPELLEES**

_____
Kathleen P. Makowski (Bar No. 3648)

91100-001\DOCS_DE:134674.38

**WR Grace – NJ EPA District Court Appeal Service List (08-250)**
Doc. No. 138640
01 – Hand Delivery
01 – First Class Mail


*Hand Delivery*
)
Stuart B. Drowos, Esquire
Deputy Attorney General
Division of Revenue
Department of Finance
Carvel Office Building
820 North French Street, 8th Floor
Wilmington, DE  19801

*First Class Mail*
)
Rachel J. Lehr, Esquire
John F. Dickinson, Jr., Esquire
Office of the Attorney General of New Jersey
Richard J. Hughes Justice Complex
25 Market Street
P.O. Box 093
Trenton, NJ  08625

W. R. Grace Core Group Service List
Case No. 01-1139 (JKF)
Document Number: 27348
07 – Hand Delivery
11 – First Class Mail

(Counsel to Debtors and Debtors in Possession)
Laura Davis Jones, Esquire
James E. O'Neill, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705

(Copy Service)
Parcels, Inc.
Vito I. DiMaio
10th & King Streets
Wilmington, DE 19801

*Hand Delivery*
(Counsel to Official Committee of Unsecured Creditors)
Michael R. Lastowski, Esquire
Richard W. Riley, Esquire
Duane, Morris & Heckscher LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246

*Hand Delivery*
(Local Counsel to DIP Lender)
Steven M. Yoder, Esquire
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899

*Hand Delivery*
(Local Counsel to Asbestos Claimants)
Marla Eskin, Esquire
Mark T. Hurford
Campbell & Levine
800 North King Street, Suite 300
Wilmington, DE 19801

*Hand Delivery*
(Counsel for The Chase Manhattan Bank)
Mark D. Collins, Esquire
Deborah E. Spivack, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

*Hand Delivery*
(Counsel for Property Damage Claimants)
Michael B. Joseph, Esquire
Ferry & Joseph, P.A.
824 Market Street, Suite 904
P.O. Box 1351
Wilmington, DE 19899

*Hand Delivery*
(United States Trustee)
David Klauder, Esquire
Office of the United States Trustee
844 King Street, Room 2311
Wilmington, DE 19801

*Hand Delivery*
(Equity Committee Counsel)
Teresa K. D. Currier
Buchanan Ingersoll & Rooney
1000 West Street, Suite 1410
Wilmington, DE 19801

*First Class Mail*
(Counsel to Debtor)
David B. Bernick, P.C.
Janet Baer, Esquire
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601

*First Class Mail*
(W. R. Grace & Co.)
Mark Shelniz
W.R. Grace and Co.
7500 Grace Drive
Columbia, MD 21044

*First Class Mail*
(Official Committee of Unsecured
Creditors)
Lewis Kruger, Esquire
Kenneth Pasquale, Esquire
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038-4982

*First Class Mail*
(Official Committee of Personal Injury
Claimants)
Elihu Inselbuch, Esquire
Rita Tobin, Esquire
Caplin & Drysdale, Chartered
375 Park Avenue, 35th Floor
New York, NY 10152

*First Class Mail*
(Official Committee of Property Damage
Claimants)
Scott L. Baena, Esquire
Member
Bilzin Sumberg Dunn Baena Price &
Axelrod LLP
First Union Financial Center
200 South Biscayne Blvd, Suite 2500
Miami, FL 33131

*First Class Mail*
(Equity Committee Counsel)
Philip Bentley, Esquire
Douglas Mannal, Esquire
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

*First Class Mail*
Peter Van N. Lockwood, Esquire
Julie W. Davis, Esquire
Trevor W. Swett, III, Esquire
Nathan D. Finch, Esquire
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005

*First Class Mail*
(Counsel to Official Committee of
Unsecured Creditors)
William S. Katchen, Esquire
Duane Morris LLP
744 Broad Street
Suite 1200
Newark, NJ 07102-3889

*First Class Mail*
(Counsel to DIP Lender)
J. Douglas Bacon, Esquire
Latham & Watkins
Sears Tower, Suite 5800
Chicago, IL 60606

*First Class Mail*
(Counsel for David T. Austern)
Roger Frankel, Esquire
Richard H. Wyron, Esquire
Matthew W. Cheney, Esquire
Orrick Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

*First Class Mail*
(Counsel to David T. Austern, Future
Claimant's Representative)
Phillips, Goldman & Spence, P.A.
John C. Phillips, Jr.
1200 North Broom Street
Wilmington, DE 19806